Civil Action No. __OACV135616.1__

Date Filed __November 24, 200?__

Superior Court ☒
State Court ☐
Georgia, DeKalb County

__Kimelyn A. Minnifield__

Attorney's Address

__Kimelyn A. Minnifield, Esq__
__950 Eagle's Landing Pkwy. #169__
__Stockbridge, GA 30281__

Plaintiff

VS.

__Johnson & Freedman II, LLC__

Name and Address of Party to be Served

__Larry W. Johnson registered__
__agent for Johnson & Freedman II,__
__LLC__
__1587 Northeast Expressway__
__Atlanta, Georgia 30329__

Defendant

Garnishee

### MARSHAL/SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant __Johnson & Freedman__ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This __04__ day of __Dec__, 20__09__.

$z
#2445          **DEPUTY**

SHERIFF DOCKET _____ PAGE _____

FILED

IN THE SUPERIOR COURT OF DEKALB COUNTY 2009 NOV 24  P 2 37

STATE OF GEORGIA

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

| | | |
|---|---|---|
| KIMELYN A. MINNIFIELD, | ) | CIVIL ACTION. |
| | ) | FILE NO. 09CV13811e-1 |
| Plaintiff, | ) | |
| | ) | Jury Trial Demanded |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNSON & FREEDMAN II, LLC | ) | |
| dba JOHNSON & FREEDMAN, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW KIMELYN A. MINNIFIELD, Plaintiff and files this action against Defendant Johnson & Freedman II, LLC, doing business as Johnson & Freedman, LLC and shows to the Court as follows:

### PARTIES, JURISDICTION & VENUE

1.

The Plaintiff, Kimelyn A. Minnifield, is an individual who resides in Henry County, Georgia.

2.

The Defendant Johnson & Freedman II, LLC is a limited liability company that presently operates under the name of Johnson & Freedman, LLC (hereinafter referred to as Defendant Johnson & Freedman) . The entity was initially formed as Johnson & Freedman, LLC on

1

November 19, 2007 and effectuated a name change to Johnson & Freedman II, LLC on December 29, 2008 as evidenced by records on file with the Georgia Secretary of State. The principal business address for said entity is 1587 Northeast Expressway, Atlanta, Dekalb County, Georgia 30329. The registered agent for service is Mr. Larry W. Johnson and said agent can be found at the above referenced business address.

3.

This Court may exercise jurisdiction over the subject matter of this action.

4.

Venue as to the Defendant is properly laid in this Court.

FACTS RELEVANT TO ALL COUNTS

5.

Kimelyn Minnifield is the owner of the property known as 260 Legends Trace, McDonough, Georgia.

6.

On or about March 25, 2005 a mortgage was executed by the Plaintiff in favor of Argent Mortgage Company, LLC. Said security instrument is presently recorded in the Office of the Clerk of Superior Court recorded in Deed Book 8046, Page 197. Allegedly this mortgage was assigned to Wells Fargo Bank NA Trustee Pooling & Servicing Agreement Dated as of May 1, 2005 Asset Backed Pass Through Certificate Series 2005-WHQ3 (hereinafter referred to as

2

Wells Fargo Bank). To date no assignment evidencing the transfer of the security interest from Argent Mortgage Company LLC to Wells Fargo Bank has been recorded.

7.

On or about June 23, 2009 Defendant Johnson & Freedman, pursuant to 15 USC 1692, forwarded an initial communication letter to the Plaintiff stating that it represented the creditor on the subject loan. Said correspondence named the loan servicer as the creditor and stated in pertinent part that the Defendant had been retained to collect the debt. Sometime thereafter Defendant Johnson & Freedman initiated foreclosure proceedings on behalf of the alleged creditor Homeq Servicing and alleged lender Wells Fargo Bank NA. Homeq Servicing is a loan servicer not a creditor as described by Defendant Johnson & Freedman in the correspondence.

8.

The Defendant failed to follow statutory provisions notifying the Plaintiff of the sale as required by O.C.G.A. 44-14-162.2. Plaintiff Minnifield informed the Defendant of its failure to adhere to proper notice requirements by letter dated July 16, 2009. Plaintiff received an e-mail from an associate employed by the Defendant which stated," We have rescheduled the foreclosure sale for September and you will be receiving the appropriate notice shortly." The Defendant reinitiated the foreclosure proceedings this time adhering to the notice requirements of O.C.G.A. 44-14-162.2.

3

9.

On or about July 25, 2009 the Plaintiff received the notice which included a copy of the Notice of Sale Under Power. The Notice of Sale Under Power listed the owner of the security interest as Wells Fargo Bank NA Trustee Pooling and Servicing Agreement Dated as of May 1, 2005 Asset Backed Pass Through Certificate Series 2005 WHQ3 by assignment to be recorded in the Office of the Clerk of Superior Court. Allegedly Argent Mortgage Company assigned its rights in the security instrument to Wells Fargo Bank, NA and the assignment was not yet recorded in the Clerk's Office.

10.

The Plaintiff requested a copy of the assignment from Defendant Johnson & Freedman and otherwise requested validation of the debt pursuant to 15 USC 1692g. In response to this request Defendant Johnson & Freedman forwarded the original security deed executed in favor of Argent Mortgage Company. The Defendant did not provide a copy of the assignment or provide the Plaintiff with any information regarding the assignment.  Plaintiff Minnifield repeatedly checked the public records to ascertain if the assignment had in fact been filed in the Clerk's office.

11.

The Plaintiff informed the Defendant of the requirements of O.C.G.A. §44-14-162 which requires that a security instrument or assignment vesting a secured creditor with title to the security instrument be filed prior to the time of sale in the Office of the Clerk. The Defendant responded with the correspondence attached hereto. In said correspondence the managing partner, Joel Freedman, stated that his firm was aware of the requirements of O.C.G.A. §44-14-

4

162 regarding assignments. The Plaintiff inquired as to if the Defendant intended to continue with sale. The Plaintiff received no response from the Defendant.

12.

The foreclosure sale was scheduled to take place on September 1, 2009. The morning of September 1, 2009 at approximately 8:15 a.m. the Plaintiff filed a bankruptcy petition in the United States Bankruptcy Court. Foreclosure sales take place between the hours of 10 a.m. and 4 p.m. the first Tuesday of each month. The foreclosure proceeding as it relates to the subject property was averted due to the bankruptcy filing. On October 21, 2009 Plaintiff filed a voluntary motion to dismiss the bankruptcy action. The Court granted the Plaintiff's request.

13.

On the September 1, 2009 no assignment vesting Wells Fargo Bank with a security interest in the property had been filed in the Henry County Superior Court Clerk's office (hereinafter referred to as the Clerk's Office). To date, no assignment vesting Wells Fargo Bank with interest in the property has been filed in the Clerk's Office.

14.

Defendant Johnson & Freedman, producing no evidence that Wells Fargo Bank possessed a valid security interest in the property or that any such instrument was on file in the Clerk's Office prior to the sale, attempted to conduct an unlawful non-judicial foreclosure sale on the behalf of Wells Fargo.

5

15.

The Defendant is a debt collector. A debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## COUNT I

## VIOLATION OF 15 USC 1692e

16.

Plaintiff adopts and incorporates by reference paragraphs 1 through 15 of her Complaint for Damages as if said paragraphs were set forth fully herein.

17.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, which includes the false representation of the character, amount, or legal status of any debt. The Defendant attempted to to utilize the non-judicial foreclosure process on behalf of Wells Fargo Bank where no evidence of a valid security interest existed nor presently exists. The Defendant willfully misrepresented the status and the character of the debt in its collection efforts.

18.

The Defendant caused to be published a deceptive and misleading Notice of Sale Under Power. This legal notice implied that an assignment would be filed in the Clerk's Office.

6

However, Defendant Johnson & Freedman, at all times relevant, knew that no assignment existed.

## COUNT II

## VIOLATION OF 15 USC 1692g

19.

Plaintiff adopts and incorporates by reference paragraphs 1 through 18 of her Complaint for Damages as if said paragraphs were set forth fully herein.

20.

15 USC 1692g requires that a debt collector's initial communication with a debtor contain certain information. Such information includes but is not limited to the name of the creditor and the amount of the debt owed. In its initial correspondence with the Plaintiff the Defendant listed the loan servicer as the creditor. This is common practice amongst debt collectors, but is clearly prohibited. The loan servicer is not a creditor but is also a debt collector. 15 USC 1692 (a) defines creditor as any person who offers or extends credit creating a debt or to whom a debt is owed. In all communication between the Plaintiff and the loan servicer, oral or written, the loan servicer states that it is a debt collector. Therefore, in the Defendant's initial communication dated June 29, 2009, it failed to meet the requirement of 15 USC 1692g as it did not identify the creditor.

## COUNT III

## VIOLATION OF 15 USC 1692g

21.

Plaintiff adopts and incorporates by reference paragraphs 1 through 20 of her Complaint for Damages as if said paragraphs were set forth fully herein.

22.

The Plaintiff requested validation of the subject debt. 15 USC 1692g provides that when such information is requested by the debtor in writing within 30 days of the initial communication, that the debt collector shall obtain verification of the debt from the lender. The term verification contemplates some form of sworn statement or affidavit from the secured creditor or lender. The Defendant failed validate that any debt was owed to Wells Fargo Bank, but only produced a copy of the security instrument executed in favor of Argent Mortgage Company. The Defendant, despite requests from the Plaintiff, failed to produce a copy of the assignment from Argent to Wells Fargo Bank. Further, the Defendant never produced a copy of the original note evidencing the debt.

## COUNT IV

## VIOLATION OF 15 USC 1692f

23.

Plaintiff adopts and incorporates by reference paragraphs 1 through 22 of her Complaint for Damages as if said paragraphs were set forth fully herein.

24.

8

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt which includes taking or threatening to take any non-judicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest. To date the Defendant has failed to produce any documentation that Wells Fargo Bank has a valid and enforceable security interest in the subject property. Despite this fact the Defendant continues collection efforts on behalf of this entity. The acts of the Defendant are both unfair and unconscionable.

**COUNT V**
**VIOLATION OF 15 USC 1692e**

25.

Plaintiff adopts and incorporates by reference paragraphs 1 through 24 of her Complaint for Damages as if said paragraphs were set forth fully herein.

26.

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Seeking to collect a debt on behalf of an entity that does not possess a valid security interest constitutes harassment and abuse of the Plaintiff.

9

## COUNT VI

## EMOTIONAL DISTRESS

27.

Plaintiff adopts and incorporates by reference paragraphs 1 through 26 of her Complaint

for Damages as if said paragraphs were set forth fully herein.

28.

The acts of the Defendant caused the Plaintiff emotional distress. Pursuant to the Fair

Debt Collection Practices Act an emotional distress claim is independent of state law tort claims

and does not require proof of a state law claim for emotional distress.  Rather, due to the nature

of FDCPA violations .i.e., those activities involving unscrupulous and abusive debt collection

practices, these types of actions are expected to cause emotional distress. As such, claims for

actual damages regarding emotional distress are allowed without proof of any state law claim for

emotional distress.

## COUNT VII
## FRAUD
29.

Plaintiff adopts and incorporates by reference paragraphs 1 through 28 of her Complaint

for Damages as if said paragraphs were set forth fully herein.

30.

The Defendant in its attempt to conduct a non-judicial foreclosure sale committed fraud

by willfully misrepresenting the validity of the debt and Wells Fargo's legal status in reference to

the debt. Upon information and belief the Defendant at all times during the foreclosure process was aware that Wells Fargo did not possess a valid security interest in the property. The Notice of Sale Under Power was purposely constructed in a manner to deceive and give the appearance that an assignment existed and would be filed prior to the sale date.  The Defendant's failure to convey to the Plaintiff that no assignment existed when said assignment was requested constitutes fraud. Further Defendant Johnson & Freedman could not conduct a valid sale where the entity purporting to sale the property had no documented ownership interest, therefore the Defendant also intended to deceive the public.

## COUNT VIII
## BAD FAITH

31.

Plaintiff adopts and incorporates by reference paragraphs 1 through 30 of her Complaint for Damages as if said paragraphs were set forth fully herein.

32.

The non-judicial foreclosure process is in derogation of common law. Pursuant to Georgia law non-judicial foreclosure sales must be conducted in good faith. Where the Defendant knew that its client could not satisfy the requirements of O.C.G.A. §44-14-162 the entire foreclosure process was performed in bad faith. Defendant Johnson & Freedman could not conduct a valid sale where the entity purporting to sale the property had no documented ownership interest. Any such sale of property would have placed a cloud on title. In the wake of numerous improprieties in mortgage securitizations the Georgia legislature enacted O.C.G.A. §44-14-162 to prevent such unscrupulous practices.

11

## COUNT IX
## GEORGIA RICO VIOLATION

33.

Plaintiff adopts and incorporates by reference paragraphs 1 through 32 of her Complaint for Damages as if said paragraphs were set forth fully herein.

34.

Upon information and belief the act of the Defendant attempting to conduct non-judicial foreclosure sales where the alleged creditors' interests do not satisfy the requirements of O.C.G.A. 44-14-162 is not an isolated incident. The Defendant has engaged in a pattern and practice of conducting non-judicial foreclosures where its clients do not possess valid security interests in the subject properties. A review of non-judicial foreclosure sales conducted by the Defendant during the discovery process will reveal other sales that were conducted where no assignments were filed prior to the sale date or where questionable defective assignments were filed in the records of the Clerk's Office.

## COUNT X
## NEGLIGENCE

35.

Plaintiff adopts and incorporates by reference paragraphs 1 through 34 of her Complaint for Damages as if said paragraphs were set forth fully herein.

36.

Defendant owed a duty to the Plaintiff to act in good faith in the discharge of its duties as a debt collector. This duty was breached and as a result caused the Plaintiff damages.

12

## COUNT XI
## DAMAGES

37.

Plaintiff adopts and incorporates by reference paragraphs 1 through 36 of her Complaint

for Damages as if said paragraphs were set forth fully herein.

38.

The Plaintiff has incurred damages as a result of the actions of the Defendant.

**WHEREFORE,** the Plaintiff respectfully requests that she be granted the following relief:

a) That the Court find Defendant Johnson & Freedman violated provisions of 15 USC
1692e ;

b) That the Court find Defendant Johnson & Freedman violated provisions of 15 USC
1692f ;

c) That the Court find Defendant Johnson & Freedman violated provisions of 15 USC
1692g ;

d) That the Court find that Defendant Johnson & Freedman caused the Plaintiff
emotional distress;

e) That the Court find that Defendant Johnson & Freedman acted in bad faith;

f) That the Court find that Defendant Johnson & Freedman committed fraud;

g) That the Court find that Defendant Johnson & Freedman was negligent;

h) Monetary damages in an amount to be determined;

i) That Summons and Complaint be served upon the Defendant;

j) There be a trial by jury as each and every appropriate issue;

13

k) A judgment against the Defendant;

l) The recovery of reasonable attorney's fees and expenses of litigation;

m) All other damages and remedies deemed appropriate by the Court.

This 24 day of November 2009.

Respectfully Submitted,

Kimelyn A. Minnifield, Esq.
Georgia Bar No. 002585
Plaintiff, Pro Se

KIMELYN A. MINNIFIELD, ESQ.
950 Eagle's Landing Pkwy., #169
Stockbridge, GA 30281
877.987.7770 p.
877.999.1170 f.

14