IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIMELYN A. MINNIFIELD,
   Plaintiff,

    v.

JOHNSON & FREEDMAN II, LLC,
et al.,
   Defendants.

CIVIL ACTION FILE
NO. 1:10-CV-9-TWT

ORDER

This is an action arising out of a foreclosure proceeding. It is before the Court on the Defendants' Motion for Summary Judgment [Doc. 55]. For the reasons set forth below, the Court GRANTS the Defendants' Motion for Summary Judgment.

I. Background

On March 25, 2005, the Plaintiff, Kimelyn Minnifield, signed a promissory note (the "Note") to Argent Mortgage Company, LLC ("Argent") for a refinance loan of $372,000.00. (Minnifield Aff. ¶ 4; Defs.' Br. in Supp. of Defs.' Mot. for Summ. J., at Ex. A.) The Note could be transferred, Minnifield would be in default if she did not timely make her full monthly payment, and the Note holder could require her to pay immediately the full amount of principal and interest owed if she defaulted. (Defs.'

Br. in Supp. of Defs.' Mot. for Summ. J., at Ex. A.) Minnifield also signed a security deed ("Security Deed") to Argent to secure repayment of the Note. (Defs.' Br. in Supp. of Defs.' Mot. for Summ. J., at Ex. C.) Minnifield conveyed to Argent and its successors and assigns, with power of sale, title to her property at 260 Legends Trace, McDonough, Georgia (the "Property"). (Id.) Argent could sell the Property if Minnifield did not cure a default on her Note payments. (Id.)

Ameriquest Mortgage ("Ameriquest"), which the Defendants claim is an affiliate of Argent, allegedly sold a group of mortgage loans to Park Place Securities. Park Place Securities assigned the mortgage loans and "any security interest therein," which included the Plaintiff's loan, to Wells Fargo on May 1, 2005, as part of a pooling and servicing agreement ("PSA"). (PSA, at 76, 273-89.) The PSA states that the seller was not required to record an assignment unless certain events occurred, which included "foreclosure relating to the Mortgagor under the related Mortgage," for "administrative convenience and facilitation of servicing and to reduce costs." (PSA, at 77-78.) Minnifield's loan servicer HomEq Servicing sent her letters in July 2005, October 2005, and March 2006 stating that she was in default and identifying Wells Fargo as her creditor. (Defs.' Br. in Supp. of Defs.' Mot. for Summ. J., at Ex. E-G.) In September 2005, the Defendant, Johnson & Freedman, sent Minnifield a letter stating that it represented Wells Fargo and enclosed a notice of foreclosure sale

on behalf of Wells Fargo. (Id. at Ex. J.) Johnson & Freedman sent a similar letter in January 2007. (Id. at Ex. K.) Minnifield did not dispute the assertions made in these letters. (Minnifield Dep. at 32-33, 36-37, 39, 45, 59, 61.)

In the summer of 2009, Johnson & Freedman initiated non-judicial foreclosure proceedings. In July 2009, the Defendants sent correspondence to Minnifield stating that a foreclosure sale of the Property was scheduled for September 1, 2009, on behalf of Wells Fargo. In a July 31, 2009 email to Johnson & Freedman, Minnifield for the first time disputed that Wells Fargo was her creditor. (Defs.' Br. in Supp. of Defs.' Mot. for Summ. J., at Ex. M.) On the morning of September 1, 2009, Minnifield filed a Chapter 13 bankruptcy petition, which caused the foreclosure sale to be canceled. (Minnifield Dep. at 87.) On September 14, 2009, Johnson & Freedman recorded an assignment of the Security Deed from Argent to Wells Fargo (the "Assignment"). (Defs.' Br. in Supp. of Defs.' Mot. for Summ. J., at Ex. N.) The Assignment was dated August 28, 2009, and stated that its effective date was May 29, 2009. (Id.)

The Plaintiff filed this lawsuit on November 24, 2009, in the Superior Court of DeKalb County, Georgia alleging that the Defendants violated various laws by misrepresenting the holder of the security interest in her property. The Defendants removed the lawsuit to this Court on January 4, 2010 [Doc. 1]. The Plaintiff filed the Amended Complaint on February 4, 2010 [Doc. 4]. The Amended Complaint brings

claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); fraud; and violations of the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-14-1 et seq.

The Defendants, Johnson & Freedman, LLC and Johnson & Freedman II, LLC, filed a Motion to Dismiss the Amended Complaint on March 10, 2010 [Doc. 14]. This Court granted the Defendants' Motion to Dismiss [Doc. 22]. The Court found that Georgia law permitted Wells Fargo and Argent to give the Assignment contract a retroactive effective date [Id.]. The Eleventh Circuit held that the retroactive date was not effective against third parties to the agreement, i.e., the Plaintiff [Doc. 34]. The Eleventh Circuit vacated the Court's dismissal of the Plaintiff's §1692f and emotional distress claims [Id.]. The Defendants now seek dismissal of these claims pursuant to this Motion for Summary Judgment [Doc. 55].

## II. Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show

the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

III. Discussion

The Defendants argue that the Plaintiff lacks standing to challenge the validity of the assignment of the Note and Security Deed to Wells Fargo. In Woodberry v. Bank of America, N.A., No. 1:11-CV-3637-TWT, 2012 WL 113658 (N.D. Ga. Jan. 12, 2012), and Rosenhaft v. BAC Home Loans Servicing, LP, No. 1:11-CV-2519-TWT, 2012 WL 484842 (N.D. Ga. Feb. 14, 2012), this Court held that an obligor does not have standing to challenge the validity of the assignment of a security deed. The Woodberry court cited Haldi v. Piedmont Nephrology Assocs., 283 Ga. App. 321 (2007), for this proposition. In Haldi, a patient sought to enjoin the enforcement of an employment contract between his doctor and a hospital. The employment contract included a non-compete provision that prohibited the doctor from seeing the patient or practicing her medical specialties within a certain geographical area. Id. at 322. The Haldi court held that the patient lacked standing to challenge the employment contract because the patient was not a party to the contract, and the patient did not have standing as a third-party beneficiary of the contract since nothing in the contract

indicated that it was intended for the patient's benefit. Id., citing Breus v. McGriff, 202 Ga. App. 216 (1991).

In McFarland v. BAC Home Loans Servicing, LP, No. 1:11-CV-4061-RWS, 2012 WL 2205566 (N.D. Ga. June 14, 2012), the court concluded that "as a stranger to the Assignment contract, Plaintiff lacks standing to challenge it[,]" and cited Breus v. McGriff, 202 Ga. App. 216 (1991). McFarland, 2012 WL 2205566, at *3. In Breus, the assignee of a note brought suit against the defaulting obligors. The obligors executed the note guarantees in favor of a bank, which had then assigned its rights in the note to the plaintiff assignee. On appeal, the obligors sought to challenge the trial court's grant of summary judgment in favor of the plaintiff assignee, arguing that a question of fact remained as to whether the assignment of the note to the assignee was supported by adequate consideration. The appellate court declined to consider the merits of this argument, stating that the obligors were "strangers to the assignment contract between [the assignee] and [the bank] and thus have no standing to challenge its validity." Breus, 202 Ga. App. at 216. Unlike the court in Woodberry and McFarland, the court in Sutton v. Bank of America, N.A., No. 1:11-CV-3765-CAP, 2012 U.S. Dist. LEXIS 90240 (N.D. Ga. Apr. 10, 2012), declined to extend the logic of Haldi and Breus to an obligor's standing to challenge the validity of the assignment of a security deed.

The Court need not revisit whether or not the logic of <u>Haldi</u> and <u>Breus</u> extends to eliminate standing to challenge the validity of security deed assignments because the Plaintiff does not challenge whether the PSA Assignment was valid. The Plaintiff argues that she entered into a loan agreement with Argent, for which she signed an assignable promissory note and security deed, and that another entity (Ameriquest) may have assigned the Note and Security Deed without any record of having received it from Argent. The opinion of the Court of Appeals, without explicitly addressing the standing issue, at least implicitly held that she has standing to make the argument. It is certainly true that the Plaintiff's claim is fundamentally different from one by a plaintiff who, faced with a record of the assignment and assignor's consent to transfer, argues that the assignment was invalid under, for example, the terms of a pooling agreement. If the Plaintiff did not have standing to challenge whether the PSA Assignment took place, debtors with assignable security deeds would be in the perilous position of being unable to challenge the assertion of any entity claiming to hold the security deed, and could face multiple claims. <u>Accord</u> <u>Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC</u>, 399 Fed. Appx. 97, 102 (6th Cir. 2010) ("Without a genuine claim that Farmington is not the rightful owner of the loan and that Livonia might therefore be subject to double liability on its debt, Livonia cannot credibly claim to have standing to challenge the First

Assignment."). The Plaintiff has standing to make the argument presented here.

That leads to the merits of her claim under 15 U.S.C. § 1692f(6)(A) which states that a debt collector may not "[t]ak[e] or threaten[] to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." Johnson & Freedman initiated nonjudicial foreclosure proceedings on behalf of Wells Fargo against the Plaintiff's property in June 2009. The Plaintiff does not dispute that she was in default of the loan, giving the holder of the Note and Security Deed the right to possession of the Property. The question before the Court is whether Wells Fargo owned the Note and Security Deed in June 2009, and therefore, whether Johnson & Freedman, as the agent of Wells Fargo, had a present right to possession of the Property via an enforceable security interest in June 2009.

In its Motion to Dismiss Order, this Court held that the Assignment of the Security Deed from Argent to Wells Fargo evidenced a present right to possession of Johnson & Freedman as Wells Fargo's agent as of June 2009 [Doc. 22]. The Security Deed was recorded on September 14, 2009, dated August 28, 2009, and stated that its effective date was May 29, 2009. (Defs.' Br. in Supp. of Defs.' Mot. for Summ. J., at Ex. N.) This Court found that the effective date of the contract was May 29, 2009 [Doc. 22]. The Eleventh Circuit vacated this portion of the Court's Order, reasoning

that "[a]lthough Georgia law allows contracts to have retroactive effect between the parties to the contract, the retroactive date is not effective against third parties to the agreement [Doc. 34, citing <u>Outdoor Systems, Inc. v. Wood</u>, 543 S.E.2d 414, 417 (Ga. Ct. App. 2000)]. The Assignment therefore does not evidence that Johnson & Freedman had a present right to possession of the Property via an enforceable security interest in June 2009.

In its Motion for Summary Judgment, Johnson & Freedman claims that Wells Fargo had a right to possession of the Property via an enforceable security interest as of May 1, 2005. Johnson & Freedman claims that Wells Fargo had acquired the Plaintiff's Note and Security Deed as part of a pooling and servicing agreement ("PSA"). The PSA submitted as evidence by the Defendants identifies Park Place Securities as the Depositor, HomEq Servicing as the Master Servicer, Ameriquest Mortgage Company as the Seller, Deutsche Bank as the Custodian of the records and Wells Fargo as Trustee. (PSA, at 273; Pl.'s Br. in Opp'n to Defs.' Mot. for Summ. J., at 9-10.) The Defendants have submitted a sworn declaration that Wells Fargo was the owner of the Plaintiff's loan as of May 1, 2005, pursuant to the terms of the PSA. This sworn declaration and the PSA were not part of the record considered by the Court of Appeals. Georgia law does not require an express written assignment of a security interest. <u>See</u> O.C.G.A. § 44-14-64(b). In response, the Plaintiff has

submitted no evidence that Wells Fargo was not the owner of her Note and Security Deed at the time that the Defendants sent her the foreclosure notice. Therefore, the Defendants are entitled to summary judgment on the Plaintiff's remaining FDCPA claim.

IV. Conclusion

For the reasons set forth above, the Court GRANTS the Defendants' Motion for Summary Judgment [Doc. 55].

SO ORDERED, this 7 day of November, 2012.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge